After a long trial, wherein the depositions and examination of forty witnesses were read and given, the defendant’s counsel insisted, that printing presses could not be free in this state, according to the provisions of the constitution, if printers could be punished for a publication, inserted at the instance of a person, whom they named in their paper, and who paid for it in the usual course of business. Pennsylvania Constitution, art. 9, sec. 7. They were only responsible in cases where they withheld the real authors, against whom the suit should be brought. Libelling was a species of slander, and all slander should be measured by the same rule. Slander by libel differs only from *518 slander by words, that it is delivered m writing or printing. 2 Espin. Dig. 240. If one relates a slanderous report of another, and gives his author at the time, and the fact comports therewith, it may be pleaded by way of justification. 7 Term Rep. 17. 12 Co. 133-4. And this doctrine was recognized a few days ago at Lancaster, in Hersh v. Ringwalt. It has been held that an action will lie for a libel, charging the plaintiff with having the itch and stinking of brimstone. Villers v. Monsby, 2 Wils. 403. Would it not be an outrage on common sense to say, that if this had been published at the desire of I. S., that the printer should be punished in damages; and that one charging a plaintiff with murder, or gross perjury by oral words, and giving his author at the time, should be dispunishable? An action will not lie against a printer, unless express malice is proved, or it may be fairly inferred from circumstances, as concealing the real author of the publication, &c. If the plaintiff has been injured, he should look to Gregor, who lives in Fredericktown, and *avows the publication. There the transaction alluded *519] to, is supposed to have happened. There the plaintiff officiated at the time as a minister of the gospel, and his true character is ascertained. And there, only complete justice can be administered.
The court in their charge to the jury, observed, that the insertion of the publication at the instance of Gregor, did not amount to a justification, in point of law, though it might go in mitigation of damages. 2 Atky. 472. 8 Mod. 123. Slanderous words and libels are not measured by the same rules in courts of justice. The offence of a libel is more heinous, as its circulation of the slander is more extensive, and derives too ah additional degree of malignity, from its being done premeditatedly. 2 Espin. Dig. 240. 1 Dall. 324. 2 East, 430. Its excuse rests not on the common infirmity of mankind. It is the mark of a depraved and wicked heart. Any written or printed words, which render a man ridiculous, or throw contumely on him, are actionable. — But it is otherwise of words spoken ; and this distinction has been long settled. 2 Wils. 403-4. Fitzgib. 121, 253-4. Bos. and Pull. 331. The law adapts itself to the usages and habits of mankind, but it cannot be expected to administer to foul malevolence ; and hence in the case cited wherein the party was charged in a copy of verses, with having the itch, a difference obtained between a libel and words spoken. Our reading does not furnish us with a dictum, much less a solemn adjudication, that a printer is justifiable in disseminating libellous papers, though he has received a pecuniary compensation therefor in the way of business. But we know that the English judges have laid it down, that writing the copy of a libel, is writing of a libel ; and if the law were otherwise, men might write copies and print them with impunity. 2 Salk. 417, 419. It will not be denied, that if one designedly bespatters another’s clothes with filth, as he passes the street, though at the instigation of a third *519 person, he would be liable for damages. And shall a printer with his types, blacken the fairest reputation, the choicest jewel we enjoy, and go scot free, merely because he has told the world that the paper is inserted at the request of G. G. ? It is true, that there are shades of guilt in this offence, and that the author is more criminal than the printer. The one prepares the poison with malice aforethought, the other administers it to the world. Some instances occur, where the prosecution against the printer has been stopped, on the author’s being given up, or avowing himself, but this only shews, that the latter is deemed the greater offender; and the printer may show this in alleviation. 8 Mod. 123. Fortesc. 201. 2 Atky. 472. We do not know what difficulties may be *interposed in the plaintiff’s way in a suit at Fredericktown. The minds of the congregation [*520 may have been much heated in the acrimonious dispute which has subsisted between him and the German clergyman of the same persuasion. It is not necessary in an action for a libel, to prove express malice; if it be slanderous, malice is implied. 1 Term Rep. in. That the present publication against a clergyman is libellous, no one can doubt.
Cited in support of a definition of liability in 87 Pa. 391; 6 W. N. C. 276.
Messrs. Bowie and C. Smith, pro quer.
Messrs. Hopkins and W. Ross, pro def.
What has been called the liberty of the press, (1 Dall. 330,) is much misunderstood; and the most erroneous opinions have been formed of the state constitution in this particular. The 7th section of the 9th article of that instrument has provided, that “in prosecutions for the publication of papers, investigating “the official conduct of officers, or men in a public capacity, or “ where the matter published is proper for public information, “ the truth thereof may be given in evidence. Every citizen “may freely speak, write and print on any subject, being responsible for the abuse of that liberty.” Indictment for libels against individuals, where the matter published is improper for public examination, remain in their former state, and the truth thereof cannot be given in evidence. In civil actions at the suit of persons, either in a public or private capacity, the party is answerable in damages, if he cannot verify the charges he has made. This is the present case, and the plaintiff is entitled to a verdict. Of the measure of damages, the jury are the sole judges, under the mass of evidence submitted to their consideration.
Verdict pro quer. for $8 damages, and full costs.