Miller, J.
I think that the answer demurred to contains no defense to the plaintiff’s complaint, and that it was not in mitigation of the alleged libel that the defendant made the publication at the request of and upon the information of another party. That no such rule prevailed before the Code of Procedure went into effect, there can be no doubt, and I do not understand that it is claimed that prior to the Code it was otherwise (Mapes v. Weeks, 4 Wend., 649; Inman v. Foster, 8 Id., 602). .
It is said, however, that the Code has changed the rule, and now permits such circumstances to be alleged, although they do not constitute a defense in mitigation of damages. Prior to the enactment of the Code, the decisions, notwithstanding some little diversity in other States, were substantially to this effect, that any facts and circumstances which tended to disprove malice, by showing that the defendant, though mistaken, believed the charge to he true when it was made, might be given in evidence in mitigation of damages ; but if the facts and circumstances tended to establish the truth of the charge, or formed a link in-a chain of evidence going to make out a justification, they were not admissible in mitigation of damages (Cooper v. Barber, 24 Wend., 105; Root v. King, 7 Cow., 613; Fero v. Ruscoe, 4 N. Y. [4 Comst.], 162; Purple v. Horton, 13 Wend., 9; Gilman v. Lowell, 8 Id., 573).
Under this rule, a plea of justification was conclusive evi *101 deuce of malice ; and a party having alleged a justification and failed to establish it, even although he showed many circumstances which tended to sustain the truth of the charge, was effectually precluded from the benefit of mitigating circumstances. The two defences would not stand together, and in assuming one of them the other was excluded. If a defendant pleaded a justification, that was the end of any mitigating circumstances.
If he relied upon the mitigating circumstances, then of course his justification must fall. In pleading the latter, he. was in danger of having the damages greatly enhanced by being concluded from the benefit of any evidence tending to disprove malice.
To remedy this apparent injustice, the Code (§ 165) enacted that the defendant might, in his answer, allege both the truth of the matter charged as defamatory, and mitigating circumstances to reduce the amount of damages, and even although he failed to prove the justification, he might give in evidence the mitigating circumstances.
The effect of this simply was, to give the defendant the benefit of both those defences, and not confine him to one alone, as was the rule before the Code.
I think it did not alter the rule as to what constituted mitigating circumstances, or in any way add to the strength of any such defence, by authorizing facts to be considered as mitigating the charge, which previously, and by well-settled rules of law, were not thus regarded.
The provision of the Code contains no such principle, nor do the authorities wdiich have given this section a consideration authorize any such interpretation.
The case of Bush v. Prosser (11 N. Y. [1 Kern.], 34Y), is relied upon as sanctioning the doctrine that the facts contained in the defendant’s answer were to be considered under the section cited as mitigating circumstances. I do not thus read that decision, and it seems to me that it will not bear any such construction. Ho such defence was presented in that case as arises here, and the proofs rejected and excluded, on account of which the judgment was reversed,. were facts, and not' information alone. The decision of the judges in that case does not hold that the Code has changed the law; and, as I understand, *102 Seldeiv, J., intended to decide that a belief based on information derived from others could not be shown, as the law now is. I discover no case in the books which holds that a party can shelter himself against the consequences of an alleged slander, by proof that he had information from another as to the fact.
In principle, it never has been held a mitigation; and the enactment of the Code that both a justification and mitigating circumstances may be introduced, cannot change the principle. But why should any such information mitigate the slander 2 Is it less injurious or offensive on that account? Does it, for that reason, inflict less of a stain upon the character and reputation of the person thus unlawfully assailed ? Certainly not. Nor can it be any real valid or lawful excuse to a party circulating a slanderous and defamatory charge, that he had information to that effect. The reputation of an individual is sacred; and no person should assume to propagate and set afloat a charge which impugns it, on information derived from another, without first making an inquiry, and investigating its truthfulness. Where he does so, I think he assumes the responsibility of the truth of the charge thus made, and it is no mitigation that he obtained information from another party which he believes to be true.
I also think there is another reason why the answer is demurrable. The answer does not state that the facts alleged are set up as a mitigation. This should have been done to entitle the defendant to the benefit of it in that particular.
Where circumstances, which can only be given in evidence in mitigation of damages, are set forth in the answer, it must be distinctly stated that it is with that view, and for that purpose only, that they are introduced, as* otherwise the plaintiff will have a right to infer that they are relied on as a bar to the action, and upon that ground may properly demur (Fry v. Bennett, 1 Code Rep., N. S., 238; 5 Sand., 54; Matthews v. Beach, 5 Sand., 264; Ayres v. Covill, 18 Barb., 260).
I am also of the opinion that the complaint of the plaintiff is not defective. I do not deem it necessary to discuss the question whether the term “secessionist” is actionable per se, as I think the complaint can be sustained^without maintaining any such proposition.
The alleged libel points the charge with great distinctness *103 stating that the plaintiff was not enrolled, and giving a reason why he should be, not found in the enrollment act, and not authorized or sanctioned by any law of the land. The law provides for the enrollment of persons liable to military'service ; but it no where enacts that a person shall be made liable because he is a secessionist. Why then should his being a secessionist be a reason for enrolling the plaintiff? The character of a person entertaining such views was such as to call home upon him the vengeance of the government, and the opposition of good and loyal citizens. It is not to be disguised that it was an offensive and opprobrious epithet, which, at a time when the country was engaged in a civil war which required all its energies to suppress and subdue, was calculated to bring the party to whom it was applied into public disgrace, ridicule, and contempt, with his neighbors and friends. It was so regarded by the defendant, and in inditing and sending the communication which is alleged to be libellous he proposed to have the plaintiff punished for that reason. Even although' it may not have charged the plaintiff with a crime against the law, it was clearly libellous, and actionable as a malicious publication which reflected upon the character of the plaintiff without justification or excuse (See Brown’s Legal Maxims, 233, 234; 2 Kent’s Com., 13; The People v. Cornell, 3 Johns. Cas., 354; Steel v. Southwick, 9 Johns., 215).
For the reasons given, the order of the special term should be affirmed, with costs of appeal.
Hogeboom, J., dissented.