12    329<br>110m497

FERD MEYROSE ET AL., Appellants, *v.* MCGREGOR ADAMS ET AL., Respondents.

June 6, 1882.

1. An action will lie for libel of letters patent.

2. A plea that the libel is only a repetition of the words of another is no defence to an action for libel.

3. That the publication charged as libellous sets forth that the statement was made upon information, is immaterial.

4. In an action for libel of letters patent, falsehood, malice, and injury to the plaintiff must be alleged and proved.

5. A petition which states that the defendant sent to the plaintiff's customers a circular letter stating that the plaintiff had no right to make and sell the articles in which he dealt, and which charges that such statement was false and malicious, and made with the intent to injure the plaintiff,

and that by reason thereof, the plaintiff's customers had ceased to buy from him, thereby injuring and damaging him in his trade and business and property rights, states a good cause of action.

Appeal from the St. Louis Circuit Court, Adams, J. *Reversed and remanded.*

E. J. O'Brien, for the appellants : The petition alleges the publication of false statements in regard to the articles manufactured by the plaintiffs, to their injury. — *Snow* v. *Judson,* 38 Barb. 210 ; *Benton* v. *Pratt,* 2 Wend. 385 ; *White* v. *Merritt,* 3 Seld. 352 ; *Gallagher* v. *Burnel,* 6 Cow. 346.

Noble & Orrick and George R. Lockwood, for the respondents : To make words actionable they must be such that special damage may be the fair and natural result of them. — *Kelly* v. *Partington,* 3 Nev. & M. 116 ; 5 Barn. & Adol. 645 ; Towns. on Slan. & L. 206 ; *Lawless* v. *Angle,* 4 Q. B. P. 262.

Bakewell, J., delivered the opinion of the court.

The petition alleges that plaintiffs were engaged as copartners in St. Louis, in the manufacture and sale of lanterns, doing an extensive and profitable business ; that defendant Adams was the owner of letters patent of the United States granted to one Irwin, for improvements in lanterns, and that he conveyed to plaintiffs the right and license to manufacture and sell this patented improvement during the life of the patents ; that these improvements were known as " hinge-top lanterns ;" that Adams had associated with him, as agents and licensees, his co-defendants Raymond and Buck ; " that said defendants, intending to injure the plaintiffs in their title to manufacture and sell said patented improvements, and to defraud them of their legitimate rights in the premises, to the great damage and detriment of plaintiffs, did write, or cause to be written, published, and circulated among plaintiffs' patrons and customers for said lantern, so patented as aforesaid, and while

plaintiffs' right in the premises was existing and unimpaired, the following false and injurious statement of and concerning the plaintiffs, to wit : —

          " CHICAGO, September 29, 1880.

    " GENTLEMEN : Referring to my last circular letter concerning letters patent Nos. 47,551 and 50,591, granted to John H. Irwin for hinged-top, loose-globed lanterns, and reiterating the advice therein given ; notice has been served upon me that the license, heretofore granted by the owner of said patents to the firm of F. Meyrose & Co., of St. Louis, have been revoked, and that the purchase hereafter of any lanterns embodying the improvements in said letters patent described, and claimed from or manufactured by said firm, will subject the purchaser and user to claims under said patents.

    " In other respects, the list of licenses contained in said circular letter remains correct until further notice.

        " Yours, truly,

           " J. H. RAYMOND, *Secretary, etc.*"

The petition then goes on to state that, by reason of said false publication, plaintiffs have been injured in their rights of property and patents, and deprived of a valuable trade, their customers, by reason of the threats of prosecution contained in the circular, having refused to buy from plaintiffs and having been induced to believe that plaintiffs had no right to manufacture and sell the patented lantern. Then follows a list of customers of plaintiffs who are alleged to have ceased to trade with plaintiffs in these goods by reason of this publication of the circular. It is further alleged that defendants, well knowing that the statements in the circular were untrue in every respect as to plaintiffs' rights in said patented improvements, and designing to injure and destroy the title of plaintiffs and their business, wantonly and maliciously published and circulated these statements.

    This action, in its nature, is not properly for words spoken,

or for a libel, written or published, but an action in the nature of an action of trespass on the case for special damages sustained by reason of the speaking or the publication of the slander of the plaintiffs' title. " The cause of action is denominated slander of title, by a sort of figure of speech, in which the title is personified, and made subject to many of the rules applicable to personal slander when the words themselves are not actionable." *Kendall* v. *Stone*, 1 Seld. 18. It is the special damage that gives the cause of action; and it is essential that the statement should be both false and malicious, — that is, that it be made with the intent to injure the plaintiff. Falsehood, malice, and injury to the plaintiff, must all be alleged and proved. And the necessity for these allegations does not depend upon the medium through which the slander is conveyed, whether in words, writing, or print, because the nature of the action is one for special damage actually sustained, and not an action for slander. The fact that the publication is written or printed, and not oral, makes no difference in the ground of the action, and goes only to the question of dissemination and consequent damage. *Malachy* v. *Soper*, 3 Bing. N. C. 371. And the action will lie for slander of title to letters patent. Starkie (4th ed.), sect. 124.

In the petition before us, the special damage is properly and fully alleged as the ground of the action, and there are all necessary allegations as to falsity and malice.

It is objected that the petition sets forth merely the repetition of the slander. It was said by Lord Kenyon, in *Davis* v. *Levin* (7 Term Rep. 19), that " if a person says that such a particular man, naming him, told him a certain slander, and that man did in fact tell him so, it is a good defence to an action to be brought by the person to whom the slander was spoken." But this was overruled in *Bennett* v. *Bennett* (6 Car. & P. 588), where Baron Alderson said: " If defendant had, at all times, named the persons from whom he heard the slander, it would make no difference.

It is no justification for him that he, at the time he repeats the slander, gives up the name of the person from whom he heard it." And in England it is held that, in an action for libel, it is not sufficient to plead that defendant received the libellous statement from another, and, on publication, disclosed the author's name. *Decrespigny* v. *Wellesby*, 5 Bing. 392.

If the defendants in this case stated what was true as to the patent, that is a complete defence. But if what was written by them about the patent was false, it is no justification that they were repeating what they had been told. *Dole* v. *Lyon*, 10 Johns. 447.

Where one directs to the customers of a person trading in a patented article, a circular to the effect that he has been notified by a third person that the license has been withdrawn, and this is stated in plaintiff's petition, and the libel is set out *in ipsissimis verbis*, with the allegation that it was falsely and maliciously published by the defendant, a plea of not guilty will not raise the issue whether defendant received the notice that he said he received, but whether the facts stated in that notice are true. If they are, this is a complete justification. If they are not, the publisher ought to be liable for any special damage that he can be shown to have occasioned by the unwarranted publication, unless, in the case where the occasion on which the communication was made rebuts the *prima facie* inference arising from the prejudicial communication, and puts the burden on the plaintiff to show personal spite, independent of the occasion on which the communication was made. A man has a right to communicate to another any information he is possessed of in a matter in which they have a mutual interest. But he has no right to send a circular to the customers of a trader, telling them falsely, that the trader has no title to the articles in which he trades. And if the circular, instead of saying, " B. has no title and can give none to

his lanterns, and if you buy of him you may be prosecuted,'' says, "I am notified by C. that B. has no title," etc., the question which will arise, where the libellous communication is properly set forth, will be, not whether A. was notified, as he says, but whether the facts in the notice were true as he states them. By saying, "I am notified by C.," and adding a word of warning, and leaving the matter there, A. must be taken to adopt C.'s statement; and such a form of statement by A. is likely to be much more effectual for the obvious purpose of such a notice than if he had given the substance of C.'s notice, omitting all mention of C. or of the fact of notice. It has been repeatedly held in this country that the plea that the slander is only a repetition of the words of another, is no defence to an action of libel. *Hagar* v. *Tibbetts*, 2 Abb. Pr. 97; *Runkle* v. *Meyer*, 3 Yeates, 518; 3 Sneed, 681; 14 Ohio, 418; 14 Wis. 663; Towns. on Slan. & L., sect. 216; *Dole* v. *Lyon*, 10 Johns. 447.

If the defendant has any interest in the matter, and asserts defect of title *bona fide*, in order to protect himself, or to prevent the commission of a fraud, the burden is thrown on plaintiff to show that there was no reasonable or probable ground for the statement. Proof of the truth of the statement will be a complete defence. Defendant may show that he believed the statement was true, and that he made it in good faith without malice, under a *bona fide* claim of property, or under circumstances that made the statement privileged. Wait's Act. & Def. 5, 762, and cases. But the petition in the present case, in our opinion, states a good cause of action, and is enough to put the defendant upon his defence.

We think that the judgment should be reversed and the cause remanded. It is so ordered, with the concurrence of all the judges.