JOHN J. MCCANN *et al.*, Appellants, v. MARCUS A. WOLFF, Respondent.

### St. Louis Court of Appeals, January 3, 1888.

1. PETITION—DEMURRER.—A petition which states that, pending a contract between the plaintiff and a third person, the defendant, "by some means unknown to the plaintiff," induced such third person to recede from the contract, to the plaintiff's damage, shows no cause of action, and is properly demurred to.

2. CAUSE OF ACTION—FRAUD OR MALICE ESSENTIAL, WHEN.—An unwarranted interference between contracting parties will not create a cause of action, unless actuated by motives of fraud or malice.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Affirmed.*

ROWE & MORRIS, for the appellants: Appellants had a property in the agreement between Morgner and Wall, which property respondent destroyed. Pollock on Torts (1887) 270, and note; *Lumley v. Gye*, 2 Ell. & Bl. 228; *Green v. Button*, 2 C. M. & B. 707; Pollock on Torts (1887) p. 269, *et seq.*, and notes; also pp. 450, 451, 452, *et seq.*, and notes; Piggot on Torts (1885) p. 352, *et*

*seq.* ; *Carrington v. Taylor*, 11 East (K. B.) sec. 571. A defendant, whose interference with a sale made by A to B is by false misrepresentation of goods, is held liable. *Snow v. Jewson*, 38 Barb. (N. Y.) 210 ; *Gallagher v. Brunel*, 6 Cowen, 346 ; *White v. Merritt*, 3 Seld. 352 ; *Benton v. Pratt*, 2 Wend. 385.

JOHN O'GRADY, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The plaintiffs, who are real-estate brokers, filed a petition charging in substance the following facts : They were employed by one Morgner to negotiate the sale of certain real estate belonging to him, and expended considerable time and labor in finding a purchaser ; they did find one Wall, who was willing to purchase the property for twenty-three thousand dollars, which price was satisfactory to Morgner ; thereupon Morgner and Wall proceeded to defendant's place of business to have the necessary papers drawn to perfect the sale ; that the defendant then claimed that he was entitled to a commission on the sale, and upon Morgner refusing to pay such commission, the defendant told plaintiffs that unless they would pay him a commission of two hundred dollars he would break up the sale.

The residue of the petition is in the following words :  "That defendant, his servants, and agents persisted in their demand for two hundred dollars on the grounds above stated, and being refused did thereafter, by some means unknown to plaintiffs, induce and persuade said Wall to refuse to go on with the sale, or carry out his agreement already made ; by reason of which the sale of the property aforesaid from said Morgner and wife to the said Wall was broken off, and the commissions earned thereon by plaintiffs, amounting to four hundred and sixty dollars, were wholly and entirely lost to said plaintiffs. Wherefore plaintiffs say they were damaged in the sum of four hundred and sixty dollars, for which, with interest and costs, they pray judgment."

The defendant demurred to this petition, as stating no cause of action. The demurrer was sustained and plaintiffs refusing to amend, judgment was rendered on the demurrer in favor of defendant.

The action of the court in sustaining the demurrer is the only matter complained of on this appeal.

The demurrer was properly sustained. The petition charges neither malice nor fraud on defendant's part, and in the absence of both an action of this kind is not maintainable. The clearest statement of the proposition as to what will support an action in this class of cases, is found in Pollock on Torts, pp. 452, 453, where the author states: "There must be a wrongful intent to do harm to the plaintiff before the right of action for procuring a breach of contract can be established. Mere knowledge that there is a subsisting contract will not do. Only with these limitations can we safely say that a contract can or does impose a duty upon persons extraneous to the obligation, not to interfere with its due performance."

The cases relied on by appellants have no application. *Snow v. Judson* (38 Barb. 210) was a case of false representations preventing a sale; *Gallager v. Brunel* (6 Cowen, 346) a case of false affirmation as to the credit of a third person; *White v. Merritt* (3 Seld. 352) a case of false representations with intent to injure. The case of *Lumley v. Gye* (2 Ell. & Bl. 228), which is often quoted, a case of malicious interference. In each of these cases fraud or malice, as the case might be, were distinctly charged in the petition. The judgment in each could be supported on the proposition repeatedly referred to by ourselves, that the concurrence of fraud and injury gives rise to a cause of action.

It results that the judgment must be affirmed. It is so ordered, all the judges concurring.