## Withrow v. Heaton.

*Trespass—Libel—Declaration—Demurrer—Innuendo—Question for jury.*

1. Written or printed words which render a man ridiculous or throw contumely on him are actionable.

2. In an action of trespass for libel, plaintiff's statement charged the defendant with having mailed a letter to a third person containing the following words: "And he (meaning the plaintiff) at the time took most illegally some articles that he had agreed that I should retain," meaning thereby that the plaintiff had committed larceny. On demurrer to the declaration, *held,* that the court could not as a matter of law declare that the words were not actionable.

3. In such a case, if the words are of dubious import and their meaning is averred by innuendo, and the words are susceptible of the meaning ascribed to them in the innuendo, the truth of the innuendo is for a jury and not for the court.

Trespass for libel. Demurrer to plaintiff's declaration. C. P. Berks Co., Feb. T., 1926, No. 80.

*Walter B. Freed,* for plaintiff; *Harvey F. Heinly,* for defendant.

SCHAEFFER, P. J., Oct. 13, 1926.—This is an action of trespass for libel. The plaintiff's declaration sets forth that the plaintiff has always borne a good reputation for honesty, has never before been charged with or suspected of any crime, and that the defendant, "wickedly, wilfully and maliciously intending to injure the plaintiff in his good name and fame and credit, and to bring him into public scandal, infamy and disgrace, and to cause it to be suspected and believed that the plaintiff was guilty of the crime of larceny, composed and published by mailing to a third person a letter containing the following words: 'And he' (meaning the plaintiff) 'at that time took most illegally some articles that he had agreed that I should retain,' meaning thereby that the plaintiff had committed the crime of larceny." The statement further avers that said letter was read by the person to whom it was addressed and by other persons, and has brought the plaintiff into public scandal, infamy and disgrace.

To this declaration the defendant ·has demurred, alleging that the alleged libelous matter is not in fact or in law libelous, and that plaintiff's declaration shows no cause of action.

The rule from ancient times we believe to be that any written or printed words which render a man ridiculous or throw contumely on him are actionable: Runkle *v.* Meyer, 3 Yeates, 518. In McClurg *v.* Ross, 5 Binney, 218, Tilghman, C. J., said: "The common law must be our guide. There is a great difference between words spoken and words written. It is actionable to charge a man in writing with anything that may degrade him in the estimation of society. But many things may be spoken which afford no cause of action." To be libelous the words need not be injurious to a person in his office, profession or calling, or such as impeach the credit of a merchant or trader; it is sufficient if the publication be injurious to the social character of the other and not shown to be true or to have been justifiably made: Collins *v.* Dispatch Publishing Co., 152 Pa. 187. The test of whether or not the written or printed words are libelous is not whether the words charge a crime; words which are defamatory because they are sufficient to produce a perceptible injury to the reputation of another are actionable, even though they do not impute all the elements of a legal crime: Collins *v.* Dispatch Publishing Co., 152 Pa. 187; Wallace *v.* Jameson, 179 Pa. 98, 116; Oles *v.* Pittsburgh Times, 2 Pa. Superior Ct. 130. If the words are of dubious import and their meaning is averred by innuendo and the words are susceptible of the meaning ascribed to them in the innuendo, the truth of the innuendo is for a

jury and not for the court: Mengel v. Reading Eagle Co., 241 Pa. 367, 371. Under these authorities, it is impossible to say as a matter of law that the words here declared upon are not actionable.

And now, to wit, Oct. 13, 1926, the demurrer is overruled.

From Charles K. Derr, Reading, Pa.